United States District Court
Southern District of Texas

**ENTERED**
September 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Antonio Hernandez Suarez and Sanjuana Botella Aldama, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:25-cv-00905 |
| v. | § § § | |
| Royal Coach FMHC, LLC; Cirrus Group, LLC; Fairfax Home Holdings Company, LLC; and Shamira Navarro, | § § § § § § | |
| *Defendants*. | § § § | |

## MEMORANDUM AND RECOMMENDATION

In this personal injury suit, Plaintiffs Antonio Hernandez Suarez and Sanjuana Botella Aldama filed a motion to remand, asserting that their inclusion of Sharmia Navarro as a defendant defeats complete diversity under 28 U.S.C. § 1332. *See* Dkt. 17; *see also* Dkt. 20 (referral order). After carefully considering the motion, the response from Defendants Royal Coach FMHC, LLC, Cirrus Group, LLC, Fairfax Home Holding Company, LLC, and Navarro (collectively, "Defendants"), Dkt. 18, Plaintiffs' reply, Dkt. 19, the record, and the applicable law, it is recommended that the motion to remand be denied, and that Plaintiffs' claims against Navarro be dismissed without prejudice.

## Background

On June 21, 2023, Suarez was tragically injured when a tree fell through the roof of his home.  *See* Dkt. 1-1 at 5.  The accident left him paralyzed.  *See id.*  Saurez lived at a mobile home park owned by Royal Coach FMHC, LLC.  *See id.*  Royal Coach employed Navarro as a property manager.  *See id.*

Suarez and co-plaintiff Sanjuana Botello Aldama[1] filed this suit in state court, asserting negligence and premises liability claims against Royal Coach, Fairfax Home Holdings Company, LLC, Cirrus Group, LLC, and Navarro.  *Id.* at 6-7.  Botello Aldama is a citizen of Mexico, Dkt. 22, whereas Royal Coach, Fairfax Home, and Cirrus Group are citizens of Nevada, Utah, and Delaware (based on the citizenships of their respective members).  *See* Dkt. 6 at 5-6.  But Suarez maintains that he is a citizen of Texas, *see* Dkt. 22, the same state where Navarro is domiciled, Dkt. 6 at 2.

Royal Coach and Fairfax removed the case to this Court based on diversity jurisdiction, alleging that Navarro was improperly joined.  Dkt. 1 at 2-5; *see also* Dkt. 6 at 2-5 (amended notice of removal).  Plaintiffs filed an amended complaint, Dkt. 7, and then moved to remand, Dkt. 17.  In the interim, Cirrus Group and Navarro were served and joined the other

---

[1] The pleadings do not explain the nature of Suarez and Botello Aldama's relationship.

2

defendants in responding to the motion to remand. *See* Dkt. 18. Plaintiffs also filed a reply in support of remand. Dkt. 19. The motion is ripe for resolution.

## Legal standard

A defendant can remove to federal court an action that was filed in state court if the action could originally have been filed in federal court. 28 U.S.C. § 1441(a). Federal courts, in turn, are authorized to hear cases that either (1) involve questions of federal law, 28 U.S.C. § 1331, or (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States," *id.* § 1332(a)(1).

The removal statute must "be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam). "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The party invoking federal jurisdiction bears the burden to establish that the case is properly removable. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n.25 (5th Cir. 2000). Any doubts about the propriety of removal are resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

## Analysis

According to the parties' submissions, both Plaintiff Suarez and Defendant Navarro are citizens of Texas for purposes of diversity jurisdiction.[2] *See* Dkt. 1 at 2 (notice of removal); Dkt. 22 (Plaintiffs' disclosure of their domiciles). Plaintiffs thus assert that the lack of complete diversity defeats subject-matter jurisdiction and necessitates remand. *See* Dkt. 17 at 11-13. Defendants, however, argue that Navarro was improperly joined, such that her citizenship should be disregarded for jurisdictional purposes.

As explained below, the undersigned concludes that Plaintiffs have no possibility of recovering on their claims against Navarro. Because Navarro was improperly joined, Plaintiffs' motion to remand should be denied.[3]

---

[2] Defendants now suggest that Plaintiff Suarez may be domiciled in Mexico, rather than Texas (as he maintains). *See* Dkt. 23 (disputing Dkt. 22). If so, then both he and co-Plaintiff Botello Aldama could be citizens of a foreign state, thereby satisfying the diversity requirement under 28 U.S.C. § 1332(a)(2). This issue, while an appropriate subject for discovery, is unnecessary to resolve at this time.

[3] Plaintiffs included an extensive foray into "snap removal" under 28 U.S.C. § 1441(a). *See* Dkt. 17 at 16-22. Those arguments have nothing to do with the propriety of removal here. Snap removal merely permits non-forum defendants—here, Royal Coach and Fairfax—to remove a case on the basis of diversity jurisdiction before a forum defendant—like Navarro—has been served. *See Tex. Brine Co. L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (construing 28 U.S.C. § 1441(b)(2) to require a forum defendant to be both joined and served to render the case non-removable on the basis of diversity jurisdiction). It also eliminates the need to obtain consent from defendants who have yet to be served. *See* Dkt. 28 U.S.C. § 1446(b)(2)(A) (consent necessary from "all defendants who have been properly joined *and served*") (emphasis added). Here, Royal Coach and Fairfax removed this case before Navarro and Cirrus were served. *See* Dkt. 1 at 8 (February 28, 2025 notice of removal); Dkt. 17-1 at 2 (March 12, 2025 service on Navarro).

## I.      Legal standard: Improper joinder

Federal courts have jurisdiction over actions between citizens of different states that involve an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Because Section 1332 requires complete diversity, no plaintiff can share the same state of citizenship as any defendant. *See generally Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). But there is a narrow exception to the complete diversity requirement: if a "plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg*, 819 F.3d at 136.

There are two ways to establish that a non-diverse defendant was improperly joined: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (internal quotation marks omitted). Defendants invoke the second theory, which requires them to "demonstrat[e] that there is

---

But as Defendants acknowledge, *see* Dkt. 18 at 3, snap removal does not override the requirement that complete diversity of citizenship exist, even between the plaintiffs and a defendant who has yet to be served. *See In re Levy*, 52 F.4th 244, 246-47 (5th Cir. 2022) (per curiam). That is where the improper joinder doctrine comes in. The dispositive question is whether Navarro, the non-diverse defendant, was improperly joined, such that her citizenship can be disregarded for jurisdictional purposes.

no possibility of recovery by the plaintiff against [the] in-state defendant ....”
*Id.*; *see also Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (removing party bears burden of proof).

Because Defendants have not submitted any extrinsic evidence, the Court will conduct a “Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant,” Navarro. *See Smallwood*, 385 F.3d at 573; *see also Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) (when evaluating improper joinder, “[a] federal court must apply the federal pleading standard”).  Under this test, if the claims against Navarro “can survive a Rule 12(b)(6) challenge, there is no improper joinder.” *Smallwood*, 385 F.3d at 573.  Given the “significant federalism concerns” involved, “all contested factual issues and ambiguities of state law” must be resolved “in favor of the plaintiff,” and “any doubt about the propriety of removal must be resolved in favor of remand.” *Gasch*, 491 F.3d at 281-82 (quotation and footnotes omitted).

## II.  Navarro was improperly joined because Plaintiffs cannot show that she owed them a duty of care.

In their notice of removal and in response to the motion to remand, Defendants contend that Plaintiffs cannot recover on their negligence-based claims against Navarro because Navarro owed no duty of care apart from her

6

role as Royal Coach's employee. *See* Dkt. 1 at 2-5; Dkt. 18 at 5-8. Plaintiffs dispute that position, arguing that they have sued Navarro for "her own personal acts and omissions that proximately caused Plaintiffs' injuries." Dkt. 19 at 8. Whether Navarro owed a duty of care presents a question of law. *See Tri v. J.T.T.*, 162 S.W.3d 552, 563 & n.25 (Tex. 2005) (citing *Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170 (Tex. 2004)).

In Texas, an individual officer or agent is not categorically immunized from liability for negligence merely because she was performing work for an employer. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). But such "individual liability arises only when the officer or agent owes an *independent duty* of reasonable care to the injured party apart from the employer's duty." *Id.* (emphasis added). This limitation applies equally to premises liability claims. *See Tri*, 162 S.W.3d at 562.

Many courts within this Circuit have rejected claims against non-diverse defendant employees absent allegations that they "personally directed or participated in any of the allegedly negligent acts." *See Byars v. Walmart Inc.*, 2023 WL 4485934, at *4 (N.D. Tex. July 10, 2023) (rejecting claims against store manager); *see also, e.g.*, *Monreal v. Walmart Inc.*, 2022 WL 500588 (S.D. Tex. Feb. 18, 2022) (denying motion to remand because the plaintiff failed to state a viable claim against a store manager based solely on the manager's employment); *Gipson v. Wal-Mart Stores, Inc.*, 2008 WL 4844206, at *2, 5 (S.D.

7

Tex. Nov. 3, 2008) (plaintiff who was arrested at a store that allegedly failed to conduct a proper investigation could not bring a negligence claim against the employee who accused plaintiff of presenting fake money orders); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 838 (E.D. Tex. 2008) (rejecting contention that store manager owed the plaintiff a duty of care independent from the store's duty).  This case is no exception.

Plaintiff's amended complaint asserts that, before the accident, other tenants had told Navarro about the dangers posed by the tree and asked her to remove it, but Navarro "failed to take corrective action ...."[4]  Dkt. 7 at 4, 7. There is no allegation that that Navarro "personally create[d] a dangerous situation" that caused injury.  *In re Butt*, 495 S.W.3d 455, 466 (Tex. App.— Corpus Christi 2016, no pet.).  Nor is there any indication that Navarro took actions that caused the tree to fall.  Although Plaintiffs tout Navarro's role as "property manager with property maintenance and safety oversight responsibilities," Dkt. 19 at 8, that underscores why Navarro's duties are *not* independent from but instead derive solely from her employment.  *See Schaeffer v. Albertson's LLC*, 2021 WL 4822159, at *4 (S.D. Tex. Oct. 15, 2021)

---

[4] The Court may consider the allegations in the amended complaint, at least to the extent they merely "'clarify' [Plaintiff's] already averred jurisdictional allegations after removal for purposes of an improper joinder analysis." *See Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 304 (5th Cir. 2024).  As noted *infra*, however, the Court will disregard Plaintiffs' addition of new claims after removal.  *See id.* at 302.

(store supervisor's responsibility to ensure proper maintenance of the systems that caused injury arose solely from the supervisor's "capacity as an employee" of that store); *Dougay v. Dolgencorp of Tex. Inc.*, 2019 WL 13141530, at \*3 (E.D. Tex. Nov. 21, 2019) (store manager's failures to properly staff and oversee employees fell within the scope of employment).

Plaintiffs' characterization of Navarro as "directly involved" with and "voluntar[ily] undertaking" actions regarding the tree does not change the result. *See* Dkt. 7 at 9-10; Dkt. 17 at 26. Those contentions relate to a new negligent undertaking claim, which was raised post-removal in Plaintiffs' amended complaint. *Compare* Dkt. 1-1 at 6-7 (alleging only negligence, premises liability, and gross negligence against Defendants collectively), *with* Dkt. 7 at 8 (asserting new negligent undertaking claim against Navarro). Under Fifth Circuit law, this Court "will not consider the negligent-undertaking claim, a theory not raised in state court, in [its] analysis of whether [Navarro] was improperly joined." *Palmquist v. Hain Celestial Grp. Inc.*, 103 F.4th 294, 302 (5th Cir. 2024) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)).

Moreover, the negligent undertaking claim is not tenable even if it were considered.[5] A negligent-undertaking duty "is only implicated when the

---

[5] Specifically, Texas has adopted the Restatement (Second) of Torts § 323, which states:

complained-of undertaking is an affirmative course of action; liability for a negligent undertaking cannot be predicated on an omission." *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 660 (Tex. 2023) (orig. proceeding); *see also, e.g.*, *Torres v. Pasadena Ref. Sys., Inc.*, 695 S.W.3d 392, 412 (Tex. App.—Houston [1st Dist.] 2023, no pet.) (defendant's failures to control placement of scaffolding and to follow its own policies and procedures did not constitute "*affirmative* undertakings"). "Nor can liability for negligent undertaking be predicated on a promise to render a service that is not accompanied by either performance or *reliance* on the promise *by the injured party*." *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d at 660.

According to Plaintiffs, Navarro gave "verbal assurances" to other tenants and neighbors that the tree would be addressed. *See* Dkt. 7 at 9. But Plaintiffs base their claim on Navarro's failure to follow through by removing the tree. Such an omission does not qualify as an affirmative undertaking.

---

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a)     his failure to exercise such care increases the risk of such harm, or

(b)     the harm is suffered because of the other's reliance upon the undertaking.

*Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2001) (quoting Restatement (Second) of Torts § 323 (1965)).

*See, e.g.*, *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d at 662 (explaining that "an undertaking duty cannot be predicated on an omission" like defendants' refusal to authorize certain actions).

Plaintiffs also allude to Navarro's prior actions repairing or directing other unrelated repairs of the property. *See* Dkt. 7 at 9. Those previous undertakings did not obligate Navarro to take future actions with respect to this tree. *See Ft. Bend Cnty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 397 (Tex. 1991) ("A person's duty to exercise reasonable care in performing a voluntarily assumed undertaking is limited to that undertaking, and will not normally give rise to an obligation to perform additional acts of assistance in the future."). In addition, the complaint concedes that Navarro gave assurances about the tree to individuals *other than* Plaintiffs, *see* Dkt. 7 at 9, which negates the possibility of reliance. *See, e.g. In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d at 660 (requiring that the "*injured party*" rely on the defendant's "promise to render a service"); *Sbrusch*, 818 S.W.2d at 396-97 (defendant's promise to repair a bridge did not constitute an affirmative undertaking and was not communicated to plaintiff, which negated reliance).

As a matter of law, Plaintiffs' allegations do not show that Navarro owed a duty of care. This forecloses their negligence-based claims against Navarro, as a matter of law. Plaintiffs' failure to show a possibility of recovery means that Navarro was improperly joined in this suit. This Court should deny

11

Plaintiffs' motion to remand and dismiss without prejudice all claims against Navarro. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (an improperly joined nondiverse party "*must* be dismissed without prejudice").

### <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Plaintiffs Antonio Hernandez Suarez's and Sanjuana Botello Aldama's motion to remand (Dkt. 17) be **DENIED**, and that their claims against Defendant Shamira Navarro be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on September 9, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

12